# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID JOYCE,

    *Petitioner*,

vs.

D. NEVEN, *et al.*,

    *Respondents*.

Case No. 2:12-cv-02216-JAD-NJK

**O R D E R**

This habeas matter comes before the Court on petitioner's application (Dkt. #1) to proceed *in forma pauperis*, on his motion (Dkt. #2) for appointment of counsel, and for initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner has paid the filing fee, and the pauper application therefore will be denied without prejudice as moot.

On the motion for appointment of counsel, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require."  The decision to appoint counsel lies within the discretion of the court; absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation.  *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965).

1 Petitioner has demonstrated a more than adequate ability to articulate his position,
2 given in particular the extensive vocabulary that he has exhibited throughout his filings.
3 Moreover, the issues in the case do not appear to be so complex as to be beyond the
4 ability of a *pro se* litigant to present them adequately.  While almost any *pro se* litigant
5 would be better served by the appointment of counsel, that is not the standard for
6 appointment.  There is no constitutional right to active legal assistance in a federal habeas
7 proceeding, whether by counsel or by an inmate law clerk.  Absent circumstances not
8 presented here, such cases typically are litigated by the petitioner *pro se*.

9 Following upon the Court's initial review of the petition, a response will be directed.

10 **IT THEREFORE IS ORDERED** that petitioner's application (#1) to proceed *in forma*
11 *pauperis* is **DENIED** without prejudice as moot as petitioner has paid the filing fee.

12 **IT IS FURTHER ORDERED** that petitioner's motion (#2) for appointment of counsel
13 is **DENIED**.

14 **IT IS FURTHER ORDERED** that the Clerk of Court shall file the petition, shall add
15 Attorney General Catherine Cortez Masto as counsel for respondents, and shall make
16 informal electronic service of both the petition and this order upon respondents through her
17 office in a manner consistent with the Clerk's current practice.

18 **IT IS FURTHER ORDERED**  that respondents shall have **sixty (60) days** from entry
19 of this order within which to respond (including potentially by motion to dismiss) to the
20 petition.  **Any response filed shall comply with the remaining provisions below,**
21 **which are tailored to this particular case based upon the court's screening of the**
22 **matter and which are entered pursuant to Habeas Rule 4.**

23 **IT IS FURTHER ORDERED** that any procedural defenses raised by respondents in
24 this case shall be raised together in a single consolidated motion to dismiss.  In other
25 words, the Court does not wish to address any procedural defenses raised herein either in
26 *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer.
27 Procedural defenses omitted from such motion to dismiss will be subject to potential
28 waiver.  Respondents shall not file a response in this case that consolidates their

1 procedural defenses, if any, with their response on the merits, except pursuant to 28
2 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents
3 seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the
4 single motion to dismiss **not** in the answer; and (b) they shall specifically direct their
5 argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*,
6 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including
7 exhaustion, shall be included with the merits in an answer; instead they must be raised by
8 motion to dismiss.

9 **IT IS FURTHER ORDERED** that, in any answer filed on the merits, respondents
10 shall specifically cite to and address the applicable state court written decision and state
11 court record materials, if any, regarding each claim within the response as to that claim.

12 **IT IS FURTHER ORDERED** that, at the same time as their initial response, and
13 without regard to whether the initial response is a motion to dismiss or instead an answer,
14 respondents shall file a single set of state record exhibits relevant to the petition, in
15 chronological order and indexed as discussed *infra*.

16 **IT IS FURTHER ORDERED** that all state court record exhibits filed herein shall be
17 filed with a separate index of exhibits identifying the exhibits by number.  The CM/ECF
18 attachments that are filed further shall be identified by the number or numbers of the
19 exhibits in the attachment, in the same manner as in No. 3:06-cv-00087-ECR-VPC, ##
20 25-71.  The purpose of this provision is so that the court and any reviewing court thereafter
21 will be able to quickly determine from the face of the electronic docket sheet which exhibits
22 are filed in which attachments.  In short, counsel shall not file exhibits in a manner that
23 requires this court or a reviewing court to go fishing through multiple unmarked
24 attachments to find specific exhibits.

25 **IT IS FURTHER ORDERED** that counsel additionally shall send a hard copy of all
26 exhibits filed for this case to the **Las Vegas Clerk's Office**.
27 / / /
28 / / /

1   **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from service
2   of the answer, motion to dismiss, or other response to file a response or opposition.
3   DATED: October 15, 2013.

_____
JENNIFER A DORSEY
United States District Judge