# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID A. JOYCE,

    Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

    Respondents.

2:12-cv-02216-RFB-NJK

**ORDER**

Before the court for a decision on the merits is an application for a writ of habeas corpus filed by David A. Joyce, a Nevada prisoner. (ECF No. 8.)

**I. BACKGROUND**[1]

On May 7, 2008, a jury sitting in the state district court for Clark County, Nevada, found Joyce guilty of burglary. The jury acquitted Joyce on a charge of robbery. On July 8, 2008, the court sentenced Joyce under the habitual criminal statute to a term of twenty years with parole eligibility after eight years. The judgment of conviction was entered on July 21, 2008. Joyce appealed.

---

[1] Except where indicated otherwise, this case history is derived from the exhibits filed under ECF Nos. 17-22 and from this court's own docket entries.

On May 29, 2009, the Nevada Supreme Court affirmed the judgment of conviction. The Nevada Supreme Court recounted the facts supporting the conviction as follows:

> On September 27, 2007, appellant David Anthony Joyce and another individual entered a K-Mart located in Las Vegas, Nevada. The two immediately drew the attention of Brian Adams, a Loss Prevention Specialist for K-Mart. Adams monitored Joyce on the store's surveillance system and watched as he picked up an electronic toothbrush. Adams then observed Joyce as he stuffed the electronic toothbrush down the front of his pants.
>
> As Joyce was leaving the store, Adams contacted his supervisor, Emma Dowdy, who reviewed the surveillance videotape. After confirming that Joyce was indeed concealing an electronic toothbrush in the front of his pants, Adams and Dowdy approached Joyce in the parking lot. Dowdy told Joyce that he had been caught stealing and needed to return to the store. Joyce refused and left the scene. After Adams and Dowdy positively identified Joyce from a photographic lineup, the police effectuated his arrest.

On April 28, 2010, Joyce filed a post-conviction habeas petition in the state district court. The state district court denied the habeas petition, entering written findings of fact and conclusions of law on August 26, 2010. Joyce appealed.

On May 10, 2011, the Nevada Supreme Court affirmed in part and reversed in part the judgment of the state district court. The court concluded that the lower court had erred by not holding an evidentiary hearing on one of Joyce's ineffective assistance of counsel (IAC) claims and remanded the case for that purpose.

After holding an evidentiary hearing, the state district court denied relief and entered, on January 25, 2012, written findings of fact and conclusions of law. Joyce appealed. On June 14, 2012, the Nevada Supreme Court affirmed the lower court's decision in all respects.

In December 2012 Joyce initiated this federal habeas proceeding. Respondents filed an answer to Joyce's petition on March 10, 2014. Joyce did not file a reply.

**II. STANDARDS OF REVIEW**

This action is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254(d) sets forth the standard of review under AEDPA:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. "[A] federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was

unreasonable." *Id*. (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (describing the AEDPA standard as "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (internal quotation marks and citations omitted).

The state court's factual findings are presumed to be correct unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 181. In *Pinholster*, the Court reasoned that the "backward-looking language" present in § 2254(d)(1) "requires an examination of the state-court decision at the time it was made," and, therefore, the record under review must be "limited to the record in existence at that same time, i.e., the record before the state court." *Id* at 182.

### III. DISCUSSION

All four grounds in Joyce's petition allege the he was deprived of his constitutional right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984), provides the federal law standard for analyzing a claim of ineffective assistance of counsel. Under *Strickland*, the petitioner must show that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) counsel's errors "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687. The first *Strickland* prong asks whether an attorney's performance fell below an objective standard of reasonableness. *Id.* at 687-88. The second prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

**A. *Ground 1***

In Ground 1, Joyce claims that he received ineffective assistance of counsel, in violation of his constitutional rights, because his counsel failed to adequately review discovery for the purposes of developing a viable defense to the burglary charge. ECF No. 8, p. 6-9.[2] According to Joyce, counsel should have developed a defense based on the fact that Joyce and his friend made a valid purchase while in the store, which could have been used to disprove the element of intent. *Id*. He further claims that counsel should have presented a defense based on lack of motive. *Id*.

Joyce presented this claim to the Nevada courts in his first state post-conviction proceeding. ECF No. 20-10, p. 19-22. The Nevada Supreme Court analyzed the claim under *Strickland*. ECF No. 21-15, p. 2-3. In denying the claim, the court stated as follows:

> [A]ppellant claimed that counsel was ineffective for failing to use appellant's purchase of some merchandise to disprove that he had motive and intent to commit burglary. Appellant failed to demonstrate deficiency or prejudice. The undisputed evidence at trial was that appellant purchased some items, and counsel highlighted that fact in closing arguments. Further, appellant's claim that there were other facts counsel should have used to disprove motive and intent is a bare, naked claim unsupported by specific information. See Hargrove v. State, 100 Nev. 498, 502–03, 686 P.2d 222, 225 (1984). Moreover, as the crime of burglary is committed when a person enters a building with the necessary intent, NRS 205.060; State v. Adams, 94 Nev. 503, 505, 581 P.2d 868, 869 (1978), later paying for some merchandise does not necessarily disprove the intent upon entry. We therefore conclude that the district court did not err in denying this claim.

*Id*.

The Nevada Supreme Court applied the correct federal law standard to the claim. Joyce has not shown that the court's application of that standard was unreasonable or that the court's adjudication of the claim resulted in a decision based on an unreasonable determination of the facts. Accordingly, under § 28 U.S.C. 2254(d), this court must defer to the Nevada court's denial of the claim.

Ground 1 is denied.

---

[2] References to page numbers for documents filed electronically are based on CM/ECF pagination.

**B. *Ground 2***

In Ground 2, Joyce claims that he received ineffective assistance of counsel, in violation of his constitutional rights, because his counsel focused too much attention on the robbery charge, at the expense of preparing to defend the burglary charge. ECF No. 8, p. 11-13. In particular, Joyce alleges that counsel should have presented evidence demonstrating that Joyce was "doing nothing more than adjusting, and pulling up his shorts" and should have placed more emphasis on the fact that the store's security alarm did not sound despite the merchandise being wrapped in theft prevention packaging. *Id*.

Joyce presented this claim to the Nevada courts in his first state post-conviction proceeding. ECF No. 20-10, p. 22-24. The Nevada Supreme Court analyzed the claim under *Strickland*. ECF No. 21-15, p. 2-3. In denying the claim, the court stated as follows:

> [A]ppellant claimed that counsel was ineffective for not adequately stressing the significance of the store's security devices in relation to the burglary charge. Appellant failed to demonstrate deficiency or prejudice. Appellant's claim was belied by the record as counsel argued extensively in closing remarks that the State had not proven burglary because the surveillance video did not clearly show appellant secreting any merchandise and that despite all of the security devices on the item in question, appellant triggered no security alarms. See Hargrove, 100 Nev. at 502–03, 686 P.2d at 225. We therefore conclude that the district court did not err in denying this claim.

*Id*.

The Nevada Supreme Court applied the correct federal law standard to the claim. Joyce has not shown that the court's application of that standard was unreasonable or that the court's adjudication of the claim resulted in a decision based on an unreasonable determination of the facts. Accordingly, under § 28 U.S.C. 2254(d), this court must defer to the Nevada court's denial of the claim.

Ground 2 is denied.

**C. *Ground 3***

In Ground 3, Joyce claims that he received ineffective assistance of counsel, in violation of his constitutional rights, because his counsel failed to prevent the trial court's habitual criminal adjudication. ECF No. 8, p. 15-18. In support of this claim, Joyce contends that his sentence is excessively disproportionate to the crime, which consisted of the theft of a $130.00 electronic toothbrush, and a violation of his constitutional right to be free from cruel and unusual punishment. *Id*. He further alleges that the prosecution presented a certified copy for only one prior conviction. *Id*.

In deciding Joyce's direct appeal, the Nevada Supreme Court addressed Joyce's argument that the trial court erred in applying the habitual criminal statute to his sentence. ECF No. 19-27, p. 7-8. The Nevada Supreme Court stated as follows:

Habitual criminal statute

    Joyce contends that the district court abused its discretion in applying the habitual criminal statute because his prior convictions arose out of a single criminal episode and were stale and old. See Sessions v. State, 106 Nev. 186, 190-91, 789 P.2d 1242, 1244-45(1990). Nevada's habitual criminal statute provides that any person who is convicted of a felony in this state, who has previously been convicted of two other felonies in any state, may be adjudged a habitual criminal. NRS 207.010(1)(a). This court has further provided that it is within the discretion of the district court to sentence a defendant under the small habitual criminal statute rather than the large habitual criminal statute if the circumstances so warrant. [FN: *Sentences imposed under the major habitual criminal statute must be life sentences with or without parole; sentences pronounced under the minor habitual criminal statute may be not less than ten years nor more than twenty years. See NRS 207.010(1)(a)-(b)*.] Staley v. State, 106 Nev. 75,78, 787 P.2d 396, 397 (1990) overruled on other grounds by Hodges v.State, 119 Nev. 479,483-84, 78 P.3d 67, 69-70 (2003).

    Here, the State submitted six prior convictions for the district court to use in adjudicating Joyce as a habitual criminal. These convictions arose out of at least three separate criminal transactions. Furthermore, all of Joyce's prior convictions were less than 20 years old. See Tanksley v. State, 113 Nev. 997, 1003-04, 946 P.2d 148, 152 (1997) (concluding that the district court did not abuse its discretion in applying the habitual criminal statute to a defendant with prior felonies that were less than 20 years old). Therefore, we conclude that the district court properly adjudicated Joyce as a habitual criminal, which requires only two prior felony convictions. [FN: *Joyce also contends that the district court erred in failing to give him a jury trial on the habitual criminal allegations. In light of this court's decision in Howard v. State, Joyce's argument is without merit. 83 Nev. 53, 57, 422 P.2d 548,*

*550 (1967) (concluding that a defendant who faces adjudication as a habitual criminal and the consequent life imprisonment is not entitled to a trial by jury).*]

*Id*.

Joyce presented Ground 3 to the Nevada courts in his first state post-conviction proceeding. ECF No. 20-10, p. 24-27. The Nevada Supreme Court analyzed the claim under *Strickland*. ECF No. 21-15, p. 2-4. In denying the claim, the court stated as follows:

> [A]ppellant claimed that counsel was ineffective for not preventing the adjudication of appellant as a habitual criminal. Appellant failed to demonstrate deficiency or prejudice. Appellant's claim that the State provided a certified copy of only one of his prior convictions is belied by the record. [See Hargrove, 100 Nev. at 502–03, 686 P.2d at 225.] Although the State only had one certified copy at appellant's originally scheduled sentencing hearing, the district court continued that hearing, and the State provided certified copies of all six of appellant's prior judgments of conviction on the continued hearing date. We therefore conclude that the district court did not err in denying this claim. [FN: *To the extent that appellant claimed that the sentencing court abused its discretion in adjudicating him a habitual criminal, his claim was barred by the doctrine of the law of the case as this court held on direct appeal that the district court did not abuse its discretion in doing so. Joyce v. State, Docket No. 52213 (Order of Affirmance, May 29, 2009). To the extent that appellant claimed that his sentence was cruel and unusual, this claim could have been raised on direct appeal, NRS 34.810(1)(b)(2), and was therefore procedurally barred absent a demonstration of cause and actual prejudice, NRS 34.810(1)(b). Appellant failed to allege cause or demonstrate actual prejudice*.]

*Id*.

The Nevada Supreme Court applied the correct federal law standard to the claim. Joyce has not shown that the court's application of that standard was unreasonable or that the court's adjudication of the claim resulted in a decision based on an unreasonable determination of the facts. Accordingly, under § 28 U.S.C. 2254(d), this court must defer to the Nevada court's denial of the claim.

Although the state court found the claim procedurally defaulted, Joyce's IAC claim based counsel's failure to challenge the sentence as cruel and unusual punishment is without substantive merit. The U.S. Supreme Court has routinely held that the Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime, and does not require strict proportionality between the crime and sentence. *See Ewing v. California*, 538 U.S. 11, 28–30 (2003) (upholding 25

years to life sentence for theft of three golf clubs imposed on defendant with long history of felony recidivism); *Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (upholding two consecutive terms of 25 years to life for felony theft of videotapes imposed on defendant with prior felony burglary convictions); *Rummel v. Estelle*, 445 U.S. 263, 271 (1980) (upholding life sentence, with the possibility of parole, imposed on defendant convicted of felony theft (for obtaining $120.75 by false pretenses), and who had prior felony convictions for fraudulent use of a credit card and passing a forged check); *but see Solem v. Helm*, 463 U.S. 277, 288 (1983) (striking recidivist sentence of life, without possibility of parole, because uttering a "no account" check for $100 is nonviolent crime, and defendant's six prior felonies were relatively minor). When viewed against the backdrop of these cases, the trial court's application of the habitual criminal statute in Joyce's case did not amount to an Eighth Amendment violation. Thus, counsel was not ineffective by failing to raise such a challenge.

Ground 3 is denied.

### D. *Ground 4*

In Ground 4, Joyce claims that he received ineffective assistance of counsel, in violation of his constitutional rights, because his counsel failed to relay to him a favorable plea offer from the prosecutor. ECF No. 8, p. 20-24. In particular, Joyce alleges that counsel did not inform him of a "global plea offer" of five to twelve-and-a-half years to settle three criminal cases then-pending against him. *Id*.

Joyce presented Ground 4 to the Nevada courts in his first state post-conviction proceeding. ECF No. 20-10, p. 27-28. This is the IAC claim that the Nevada Supreme Court remanded to the state district court for an evidentiary hearing. ECF No. 21-15, p. 4-5. In ruling upon the claim after the evidentiary hearing and denial of relief by the state district court, the Nevada Supreme Court addressed the claim as follows:

> In his petition filed on April 28, 2010, appellant claimed that his counsel was ineffective because he was not provided correct information about a global plea offer

and not informed that going to trial was a rejection of a plea offer. In support of this claim, appellant attached a portion of his sentencing transcript in this case where he expressed his belief that a plea offer made before trial in this case was still available after trial and a portion of his sentencing transcript in a different district court case wherein counsel in that case admits that he misrepresented a plea offer to be for 5 to 12–1/2 years, but that appellant had rejected that plea offer and that appellant had rejected the actual plea offer of 5 to 20 years in the other case. Appellant appeared to claim that he was offered a global plea offer that would result in a total incarceration term of 5 to 12–1/2 years for his then-three pending cases.

The Supreme Court has recognized that defense counsel has a duty to communicate formal plea offers and that to demonstrate prejudice a petitioner must demonstrate a reasonable probability that he would have accepted the more favorable plea offer but for counsel's deficient performance and that the plea would have been entered without the State's canceling it or the district court's refusing to accept it. Missouri v. Frye, ___ U.S. ___ , 132 S.Ct. 1399, 1409 (2012).

At the evidentiary hearing, the district attorney testified that at no point did she ever extend a global plea offer of 5 to 12–1/2 years to any of appellant's attorneys. Rather, prior to the preliminary hearing, she extended the following offer in appellant's three pending cases: Appellant would plead guilty in two of the three cases, stipulate to small habitual criminal treatment and terms of 5 to 20 years, the sentences between the cases would run concurrently, and the third case would be dismissed. The offer was never accepted and was considered rejected/withdrawn when indictments were returned against appellant in the three pending cases. Trial counsel in this case, Mr. Craig Jorgensen, indicated in his testimony that he never told appellant that a global plea offer of 5 to 12–1/2 years had been made. Trial counsel testified that he did inform appellant about a plea offer made in this case but that appellant rejected the plea offer that was made and insisted on taking this case to trial. [FN: *No specific testimony was elicited on the terms of the plea offer.*] Mr. Jorgensen testified that he informed appellant that the plea negotiations would be lost if he went forward with the preliminary hearing and trial. Trial counsel in the other district court case, Mr. Gregory Coyer, admitted he erroneously told appellant that the State had made an offer of 5 to 12–1/2 years but testified that appellant rejected that "offer" and did not reconsider that "offer" until after appellant's trial was completed in this case. [FN: *The actual offer of 5 to 20 years was made prior to the preliminary hearings*.] Mr. Coyer testified that appellant refused to take any plea offers prior to going to trial in this case.

Appellant failed to demonstrate that Mr. Jorgensen, trial counsel in this case, misled him about a global plea offer. Mr. Jorgensen testified that he did inform appellant about a plea offer in this case but that appellant rejected that offer. Appellant's assertion that he did not understand that the plea offer was withdrawn is not supported because he was informed by Mr. Jorgensen that the plea offer would be lost if he went to trial. Nothing in the record supports appellant's assertion that he believed he could go to trial in this case and still accept a plea offer after the trial in this case. Despite the fact that Mr. Coyer provided misinformation, appellant failed to demonstrate that he was prejudiced as he rejected the more favorable, but mistaken, global plea offer. Appellant further failed to demonstrate prejudice as the prosecutor testified that a global plea offer of 5 to 12–1/2 years had never been made

10

> and the global plea that was offered in this case, 5 to 20 years, was considered rejected when appellant did not accept. Thus, appellant failed to demonstrate that the plea offer, based upon misinformation from counsel in a different case, would have been agreed to the by the State and allowed by the court had he tried to accept the offer in this case. Therefore, we conclude that appellant failed to demonstrate that he received ineffective assistance of counsel relating to a global plea offer.

ECF No. 22-16, p. 2-5.

The Nevada Supreme Court applied the correct federal law standard to the claim. Joyce has not shown that the court's application of that standard was unreasonable or that the court's adjudication of the claim resulted in a decision based on an unreasonable determination of the facts. Accordingly, under § 28 U.S.C. 2254(d), this court must defer to the Nevada court's denial of the claim.

Ground 4 also contains a broad allegation that cumulative errors committed by counsel undermined his constitutional right to a fair trial. Joyce does not identify, however, the particular errors on which he bases the claim or how they may have combined to have a cumulative effect on his state court trial. The errors alleged throughout the petition do not, for the reasons discussed above, provide grounds for habeas relief.

Ground 4 is denied.

IV. CONCLUSION

For the reasons set forth above, Joyce's petition for habeas relief is denied.

*Certificate of Appealability*

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

Having reviewed its determinations and rulings in adjudicating Joyce's petition, the court declines to issue a certificate of appealability for its resolution of any procedural issues or any of Joyce's habeas claims.

**IT IS THEREFORE ORDERED** that the petitioner's petition for writ of habeas corpus (ECF No. 8) is DENIED. The Clerk of Court shall enter judgment accordingly. The Clerk shall close this case.

**IT IS FURTHER ORDERED** that a certificate of appealability is DENIED.

DATED this 9th day of July, 2018.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE